The document below is hereby signed.

Signed: October 13, 2016



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ESSIX L. DANIEL, | ) | Case No. 16-00481 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER REGARDING DEBTOR'S CREDIT
COUNSELING REQUIREMENT AND SETTING BAR DATE
TO CHALLENGE DEBTOR'S COMPLIANCE THEREWITH

The debtor represents that he filed his petition on September 14, 2016, *after* completing the credit counseling required by 11 U.S.C. § 109(h), but due to a glitch with the counseling online payment option he could not finalize the online payment for the counseling until after close of business that day.  The agency issued its certificate the next morning, reciting that the debtor had received the required briefing at 9:55 a.m. that morning.  Without prejudice to any party in interest wishing to challenge the debtor's representations or the court's legal conclusions, the court deems the debtor's representations to show that he complied with § 109(h) by obtaining prepetition credit counseling.

The counseling was completed prepetition even if not paid for.  Once the certificate was filed, the debtor was free to demonstrate that the certificate was in error in using the date of issuance as the date the counseling was actually completed.  In light of the Congressional goal underlying § 109(h), that of ensuring a debtor obtains credit counseling before filing a petition, it matters not that the credit counseling agency deemed the credit counseling obtained, and issued the certificate affirming as such, only after the debtor had paid for it.  It is thus

ORDERED that the court's order to show cause why the case ought not be dismissed based on the certificate of credit counseling being dated postpetition is DISCHARGED.  It is further

ORDERED that within 21 days after entry of this order any party in interest may file a motion under 11 U.S.C. § 109(h) to dismiss the case based on a challenge to the debtor's factual representations or based on a challenge to the court's legal reasoning; upon the failure of any such party in interest to file such a motion within that time period, the debtor will be deemed to have completed credit counseling under 11 U.S.C. § 109(h) prepetition.

[Signed and dated above.]

Copies to: All entities on BNC mailing list; recipients of e-notice of orders.